IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANET M. WHITWORTH,  )<br>   )<br>    Petitioner,  )<br>   )<br>v.  )<br>   )<br>JO ANNE B. BARNHART, Commissioner  )<br>of Social Security,  )<br>   )<br>    Respondent.  )<br>_____)  | Case No. CV 05-265-N-LMB<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Currently pending before the Court is Janet M. Whitworth's Complaint seeking review of the final decision of the Respondent denying her claim for a period of disability and disability insurance benefits under Title II of the Social Security Act and for Supplemental Security Income disability benefits under Title XVI of the Social Security Act.  The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

I.

ADMINISTRATIVE PROCEEDINGS

Janet M. Whitworth ("Petitioner" or "Claimant") applied for a period of disability and disability insurance benefits under Title II of the Social Security Act and for supplemental security income disability benefits under Title XVI of the Social Security Act on October 9, 2002, alleging disability beginning October 13, 2000, as a result of a work-related injury to her

**MEMORANDUM DECISION AND ORDER -1-**

neck and right upper extremity that resulted in loss of movement, constant pain, and restricted use of her right shoulder.  (AR 14, 71).

Petitioner's application was denied initially and again after reconsideration.  (AR 32, 40).  Petitioner filed a timely request for a hearing before an Administrative Law Judge.  (AR 47).  ALJ Mary Bennett Reed held a hearing on November 4, 2004, at which time Petitioner, represented by counsel, appeared and testified.  (AR 243).  Deborah LaPoint, a vocational expert, also testified.  *Id*.  On March 9, 2005, the ALJ issued a decision denying Petitioner's claim because she found that Petitioner retains the capacity for work that exists in significant numbers in the national economy and has not been under a disability as defined in the Social Security Act at any time through the date of the decision.  (AR 22–23).

Petitioner thereafter requested that the Appeals Council review the ALJ's decision.  (AR 10).  The Appeals Council denied Petitioner's request on June 8, 2005, making the ALJ's decision the final decision of the Commissioner of Social Security.  (AR 6).

Having exhausted her administrative remedies, Petitioner timely filed this instant action.  *See Complaint* (Docket No. 1).  Petitioner states that she has new and material evidence, which warrants remand of the case to the ALJ for further proceedings under sentence six of 42 U.S.C. § 405(g).  *Petitioner's Brief*, p. 2 (Docket No. 9).

## II.

## BACKGROUND

Petitioner was born on November 17, 1957, and was forty-seven years old at the time of the hearing before the ALJ.  (AR 15).  She has a high school education and past relevant work as a hand packer, production assembler, and shipping checker.  *Id*.

**MEMORANDUM DECISION AND ORDER -2-**

## III.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish an entitlement to disability benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process. 20 C.F.R. §§ 404.1520, 416.920 (2005). The second part of that process involves a determination regarding whether the claimant has a "severe impairment." 20 C.F.R. § 416.905(a) (2006). If no "severe" impairment is found, the claimant will be found not to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards. 42 U.S.C. § 405(g) (2005); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975);

**MEMORANDUM DECISION AND ORDER -3-**

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987). Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases." *Id*. at 1095 (citation omitted).

The only issue presented in the instant appeal is whether new evidence, now submitted by Petitioner, warrants remand of this action for further administrative proceedings. *Petitioner's Brief*, p. 2 (Docket No. 9); *Respondent's Brief*, p. 2 (Docket No. 11).

**MEMORANDUM DECISION AND ORDER -4-**

## IV.

## DISCUSSION

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920.

**A.    Sequential Process**

The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If the answer is in the affirmative, disability benefits are denied. 20 C.F.R. § 404.1520(b). In the instant action, the ALJ concluded that Petitioner has not engaged in substantial gainful activity since October 13, 2000, her alleged onset date of disability. (AR 16).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the answer is in the negative, disability benefits are denied. 20 C.F.R. § 404.1520(c). In the instant action, the ALJ found that the documentary medical evidence establishes that Petitioner has a severe impairment due to degenerative disk disease of the cervical region of the spine and right upper extremity strain. (AR 16).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the answer is in the affirmative, the claimant is disabled and benefits are awarded. 20 C.F.R. § 404.1520(d). In this respect, the ALJ concluded that there is no indication that Petitioner has an impairment or combination of impairments that

**MEMORANDUM DECISION AND ORDER -5-**

meets or equals the level of severity of any listing in Section 1.01, *et seq.*, of the Listing of Impairments contained in Appendix 1 to Subpart P of Regulation Number 4. (AR 16).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). In this respect, the ALJ concluded that Petitioner is unable to perform any of her past relevant work. (AR 21).

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). In this respect, based upon the testimony of the vocational expert, the ALJ concluded that Petitioner is capable of making a successful adjustment to work that exists in significant numbers in the national economy. (AR 22).

**B.     Analysis**

Petitioner claims that she has new evidence warranting a remand of the case for further administrative proceedings. *Petitioner's Brief*, p. 2 (Docket No. 9). Specifically, Petitioner has produced two records: an MRI from June 2005, which, she maintains, "identifies the specific physical injury causing the continuing neck problems suffered by the claimant," and a report of Dr. Ganz, who saw Petitioner for a surgical evaluation prior to the administrative hearing, setting forth his medical opinion as to the June 2005 MRI. *Id*. at pp. 2–4.

Pursuant to 42 U.S.C. § 405(g), the Court may remand this action if (1) the new evidence is material and (2) there is good cause for the failure to incorporate the evidence in a prior proceeding. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).

1. **Good Cause**

The good cause requirement is satisfied if the new evidence surfaced after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding. *Id*.; *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984). In this case, Petitioner asserts that she has limited financial means and was able to see Dr. Ganz for the MRI in June of 2005 only because her employer's insurance company sent her for the evaluation in regard to a worker's compensation claim. *Petitioner's Brief*, p. 3 (Docket No. 9). Respondent has not challenged Petitioner's assertion. Accordingly, there is good cause for the new evidence not having been presented in an earlier proceeding. *See Booz*, 734 F.2d at 1380 ("Booz meets the 'good cause' requirement. He is a man of limited financial means and was apparently unable to find a qualified medical specialist to review his records within the time allotted by the ALJ. . . . Upon obtaining Dr. Schoen's report, he immediately submitted it to the district court.").

2. **Materiality**

To meet the materiality requirement, the new evidence must bear directly and substantially on the matter. *Key*, 754 F.2d at 1551. Also, there must be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him. *Booz*, 734 F.2d at 1380–81; *Cotton v. Bowen*, 799 F.2d 1403, 1409 (9th Cir. 1986). Specifically, Petitioner must show that the new evidence is material to and probative of

MEMORANDUM DECISION AND ORDER -7-

her condition as it existed at the relevant time, i.e., at or before the disability hearing. *Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 511 (9th Cir. 1987).

Close review of the new evidence shows that it, at most, indicates deterioration of Petitioner's condition after the hearing, which would be material to a new application but is not probative of Petitioner's condition at or before the hearing.[1] *See id.* at 512. The documents describe the results of Petitioner's June 24, 2005, MRI. *Petitioner's Brief Exhibit 1*, p. 5 (Docket No. 9). Notably, Dr. Ganz remarks, in regard to the MRI, that the "scan shows some progression compared to the prior study of April 4, 2005," and that Petitioner's "current symptoms are about the same as they were when [he] initially evaluated her back in May of 2003 but there has been some change in her neurologic examination and in her symptoms," *Petitioner's Brief*, *Exhibit 7–8*, pp. 11–12 (Docket No. 9). Accordingly, the new evidence regards the progression of Petitioner's condition, but does not provide further evidence as to her condition at or before the November 4, 2004, hearing. Thus, the new evidence is not material, and remand is not warranted. However, Petitioner is free to reapply for benefits. *See Sanchez*, 812 F.2d at 512. If she can now prove a disabling physical impairment, she may be entitled to benefits as of the date of the new application. *See id*.

## V.

## CONCLUSION

Having carefully considered Petitioner's new evidence, the Court finds, and thus concludes, that though there is good cause for Petitioner's not having submitted the evidence in an earlier proceeding, the new evidence is not material to and probative of Petitioner's condition at or before the disability hearing. Accordingly, the Petitioner's request for remand is denied.

---

[1] The hearing before the ALJ was held on November 4, 2004, in Spokane, Washington. (AR 14).

**MEMORANDUM DECISION AND ORDER -8-**

**VI.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that the decision of the Commissioner is AFFIRMED and this action is DISMISSED in its entirety with prejudice.



DATED: **August 17, 2006**.

Larry M. Boyle
United States District Court

**MEMORANDUM DECISION AND ORDER -9-**